# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA      **ORDER OF DETENTION PENDING TRIAL**

v.      CASE NO: 06-20364-06

GEORGE TRICE

_____/

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

    Does not apply

**Alternative Findings (A)**

(1)      There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801).

(2)      The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1)      There is a serious risk that the Defendant will not appear.

2)      There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence, a preponderance of the evidence, that the Government's motion to detain should be granted.

This Defendant was charged earlier this year in case 06-20071 with violation of 21 U.S.C. § 841 - Possession and Distribution of Crack Cocaine - and 18 U.S.C. § 924 - Possession of Firearm in Furtherance of Drug Trafficking.  A detention hearing was held in that case on February 17, 2006, the government's motion to detain was granted, and an Order Of Detention Pending Trial was entered by this Magistrate Judge.

The charges in that case have now been dismissed, and the Defendant has been indicted in this case.  The instant case includes the two charges from the previous case,  as well as the more serious charge of Conspiracy to Possess With Intent to Distribute 50 or More Grams of Crack Cocaine.  The conspiracy charge has a mandatory minimum 10 year term of imprisonment, with the possibility of life imprisonment.  At the threshold, I therefore conclude that the presumption in favor of detention applies to this Defendant, as he faces more than 10 years incarceration for alleged violations of the Controlled Substances Act.  I will therefore consider whether or not there is sufficient evidence to rebut the presumption in light of the factors set forth under 18 U.S.C. § 3142(g).

As to the factors set forth in § 3142(g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically crack cocaine, and weapons.  The grand jury having passed an indictment establishes probable cause as to this Defendant.

As to the factors set forth in § 3142(g)(3), the Defendant is 23 years of age and is a lifelong resident of Saginaw.  For the year prior to his arrest in December of 2005, the Defendant had resided with his mother.  In the report prepared by Pretrial Services at the time of his arrest in 2005, the officer described the Defendant as having a "transient" lifestyle.

The Defendant stated he had held numerous jobs in the past, but would only provide details for a two month employment with an amusement company.  At the time of his arrest, the Defendant was unemployed.  At the time of his arrest, the Defendant admitted that he had been using drugs at least since age 18, and had used drugs on the day he was arrested.  Defense counsel proffered at today's hearing that while the Defendant previously was not interested in drug treatment, he is now willing to submit to treatment and testing.

In December of 2001, the Defendant pled guilty to Resisting and Obstructing a Police Officer.  In May of 2003, he pled guilty to Driving while License Revoked.  Less than one month later, the Defendant pled guilty to Transporting Alcohol and Possession of Controlled Substances, all of which occurred in Saginaw.  At today's hearing, defense counsel again proffered that his client denies pleading to the possession charge.  In April of 2004 the Defendant was charged with Obstruction of Justice and Driving While License Revoked.  He pled guilty to the traffic charge, and sentenced to fines and costs.  The original report prepared by Pretrial Services shows a charge of Possession of Dangerous Drugs in May of 2004.  No disposition could be found for this charge, and defense counsel proffered that there was no arrest on that charge.  Government counsel could not confirm or dispute the proffer of defense counsel.

At today's hearing, Government counsel again proffered that when a search warrant was executed at the residence of the Defendant's mother, where he was living, law enforcement officers saw behavior from the Defendant which they felt was an attempt to exit the residence or get to his bedroom.  This resulted in a scuffle between law enforcement officers and the Defendant.  Government counsel proffered that the Defendant significantly resisted arrest, defense counsel argued that the Defendant was not resisting.  No one was seriously injured during the arrest.  Subsequently, when law enforcement personnel searched the Defendant's bedroom, a loaded semi-automatic handgun and drugs were found.

Defense counsel also proffered at today's hearing that the Defendant's mother has expressed a willingness to allow the Defendant to return to her home if released on bond, where she could supervise his behavior. Defense argued that the Court could impose conditions, such as a curfew, tether, and close supervision, which would ensure the Defendant's compliance with bond terms.

As I review the circumstances today, I conclude that the Defendant has failed to rebut the presumption in favor of detention. In light of the fact that the Defendant was arrested when he was residing with his mother, and had a loaded semi-automatic handgun and drugs in his bedroom, it is clear that no matter how willing she may be, the Defendant's mother is unable to exert the level of control over the Defendant and his behavior I deem to be absolutely essential in order to assure the safety of the community.

In the alternative, even if the Defendant had rebutted the presumption in favor of detention, the Defendant's prior behavior, transient lifestyle, the circumstances surrounding this arrest, coupled with the fact that the conspiracy charge carries a penalty much more serious than anything the Defendant has ever previously faced, convinces the Court that there are absolutely no conditions of release that would assure the safety of the community or his appearance at future court hearings as required by the Bail Reform Act. For all these reasons, the Government's motion to detain is **GRANTED**.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person

in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                            s/ *Charles E Binder*
                                            CHARLES E. BINDER
Dated: August 8, 2006                      United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Michael Hluchaniuk and Ken Sasse, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: August 8, 2006                    By    s/Jean L. Broucek
                                                    Case Manager to Magistrate Judge Binder