UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No. 06-20364-BC
v.                                   Honorable Thomas L. Ludington

GEORGE E. TRICE,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE, DISMISSING GOVERNMENT'S "MOTION TO DISMISS DEFENDANT'S MOTION TO VACATE" AS MOOT, AND DENYING A CERTIFICATE OF APPEALABILITY

Defendant George E. Trice was sentenced to 180 months in prison on June 12, 2007. [Dkt. # 114]. Two years later, on June 25, 2009, the sentence was reduced to 108 months, including 48 months for conspiracy to distribute 50 grams or more of cocaine base, 21 U.S.C. § 846, and 60 months, to be served consecutively, for possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). On June 8, 2010, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that the sentencing court erred in its belief that the 60-month sentence must be imposed consecutive to the 48-month sentence [Dkt. # 235]. *See United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). The Court reviewed the motion and ordered a response from the government on June 22, 2010. *See* Rules Governing Section 2255 Proceedings for the United States District Courts 5, 28 U.S.C. foll. § 2255.

On July 23, 2010, the government filed a "motion to dismiss Defendant's motion to vacate sentence" [Dkt. # 237], contending that Defendant's motion is barred by the one-year limitations period in 28 U.S.C. § 2255(f). Defendant filed a response on August 13, 2010, disputing the date on which Defendant's "judgment of conviction bec[a]me[] final" and the one-year period began to

run. Defendant contends that his motion to vacate should be considered on the merits. For the reasons stated below, Defendant's motion to vacate his sentence will be **DENIED** and the government's motion to dismiss will be **DISMISSED** as moot.

**I**

Defendant George E. Trice and seven co-defendants were charged with conspiracy to distribute controlled substances and other crimes on July 26, 2006. Defendant was charged in count one of the indictment with conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), in count fifteen with possession with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and in count sixteen with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). A conviction of the offense charged at count one carried a mandatory minimum sentence of ten years in prison. 21 U.S.C. § 841(b)(1)(A)(iii). A conviction of the offense charged at count sixteen carried a mandatory sentence of five years in prison, to be served consecutively. 18 U.S.C. § 924(c)(1)(A)(i).

On March 6, 2007, Defendant entered a guilty plea to counts one and sixteen pursuant to a Rule 11 plea agreement. [Dkt. # 85]. The plea agreement reflected a guideline range of 180 to 181 months imprisonment.[1] The agreement documented Defendant's understanding that his guilty plea would lead to a mandatory sentence of 120 months on count one and a mandatory sentence of 60

---

[1] The presentence report reflects a criminal history category I and a guideline score of 29, for a recommended sentence of 87 to 108 months on count one, which is automatically elevated to the 120-month minimum. The presentence report also reflects a mandatory consecutive sentence of 60 months on count sixteen. The Rule 11 agreement reflected a higher guideline range than the presentence report because two juvenile convictions were erroneously included when calculating Defendant's criminal history score on the Rule 11 agreement.

months, served consecutively, on count sixteen. The presentence report also documented Defendant's extensive criminal history dating back to age 15. He dropped out of high school as a sophomore and participated, albeit at a relatively low level, in the drug distribution ring operated by the Sunnyside Gang in Saginaw. Pursuant to the statutory requirements, Defendant was sentenced to 180 months imprisonment on June 12, 2007. [Dkt. # 114]. During three years of incarceration, Defendant has completed a GED and other educational programs and worked successfully as an orderly.

Between June 12, 2008 and June 23, 2009, the Court entertained under seal papers filed by both parties relating to the government's request to reduce Defendant's sentence pursuant to Federal Rule of Criminal Procedure 35. [Dkt. # 197, 198, 203, 216, 217, 219, 220]. On June 25, 2009, in accordance with the government's request, Defendant's sentence on count one was reduced from 120 months to 48 months. [Dkt. # 221]. The 60-month consecutive sentence on count sixteen remained in place. On October 6, 2009, Defendant filed a motion seeking a further reduction of his sentence based on retroactive changes to the sentencing guidelines. *See* United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 1B1.10. The Court determined that although the retroactive changes had reduced Defendant's guideline score from 87 to 108 months to 70 to 87 months, the ten-year minimum remained in place. Accordingly, Defendant's request was denied. [Dkt. 232, 234].[2]

---

[2] Notably, if Defendant were to be convicted and sentenced today, the ten-year minimum may not apply because the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which was signed into law by President Obama on August 3, 2010, raised the quantity of crack cocaine that must be distributed from 50 grams to 280 grams. The Rule 11 agreement reflects a stipulated quantity of 50-to-150 grams. The statute did not, however, explicitly make those changes retroactive.

On June 8, 2010, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, contending for the first time that the 60-month consecutive sentence imposed under count sixteen was not required. The government did not oppose the motion on the merits, but instead filed a "motion to dismiss Defendant's motion" contending that it is barred by the one year statute of limitations in § 2255(f).

## II

Section 2255 of Title 28 of the United States Code provides a mechanism for prisoners in custody pursuant to a federal sentence to assert a "right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). Prisoners claiming a right to be released under § 2255 may file a motion to vacate their sentence in the court that imposed the sentence. There are, however, several limitations on a prisoner's right to attack his or her sentence pursuant to § 2255, including the requirement that the motion be filed no more than one year after the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Defendant contends that his original sentence was contrary to the laws of the United States because it was imposed under the mistaken belief that a consecutive 60-month sentence was required under 18 U.S.C. § 924(c)(1)(A). The statute provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–
>
> (i) be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A). In *United States v. Almany*, 598 F.3d 238 (2010), the Sixth Circuit considered whether the language of the statute "forbids" imposition of the five-year consecutive sentence in cases where the defendant was already subject to a greater mandatory minimum sentence for the predicate crime of violence or drug trafficking crime. *Id.* at 240. The court, focusing on the phrase "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by *any other provision of law*," answered the question affirmatively. 18 U.S.C. § 924(c)(1)(A). (emphasis added). The court vacated Defendant Lee Almany's sentence, which included a ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A) plus a consecutive five-year minimum under 18 U.S.C. § 924(c)(1)(A). *Almany*, 598 F.3d at 242. Although Defendant Trice was trafficking in crack cocaine as opposed to powder cocaine, his convictions and initial sentence were otherwise identical to Almany's conviction and sentence.

The government does not address Defendant's argument on the merits. Rather, it asserts in its "motion to dismiss Defendant's motion" that the "judgment of conviction" became final on June 28, 2007, ten days after the initial judgment was entered on the docket. Because the motion to

vacate was not filed until nearly three years later, on June 8, 2010, Defendant's motion was filed late and should be denied on that basis. 28 U.S.C. § 2255(f). Defendant responds that the judgment of conviction did not become final until the Rule 35 motion was resolved and an amended judgment was issued on June 25, 2009. Because his motion to vacate was filed less than one year after the amended judgment was entered, Defendant contends his motion is timely. 28 U.S.C. § 2255(f).

In *Reichert v. United States*, 101 F. App'x 13 (2004), the Sixth Circuit considered a similar question in an unpublished opinion. In *Reichert*, the defendant was sentenced to a 20-year prison term in 1999 after pleading guilty to distributing a controlled substance. *Id.* at 13. He did not file a direct appeal. *Id.* On July 31, 2002, his sentence was reduced by twenty percent pursuant to the government's Rule 35 motion. *Id.* On August 3, 2003, the defendant filed a § 2255 motion to vacate, which the district court dismissed as untimely. *Id.* The Sixth Circuit affirmed, concluding that the 1999 judgment was the "final" judgment for the purposes of § 2255(f). *Id.* at 13–14; *see also United States v. Sanders*, 247 F.3d 139, 142–44 (4th Cir. 2001) (concluding that amendment of a judgment pursuant to the government's Rule 35 motion does not affect the finality of the earlier judgment for the purposes of § 2255).

The court relied on 18 U.S.C. § 3582(b), which provides:

Notwithstanding the fact that a sentence to imprisonment can subsequently be—

    (1) modified pursuant to the provisions of subsection (c);

    (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

    (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;

a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

18 U.S.C. § 3582(b); *Reichert*, 101 F. App'x at 14. Accordingly, even though a sentence can be "modified" or reduced pursuant to the government's motion, it does not affect the finality of the earlier judgment for other purposes, including calculation of the one-year limitations period under § 2255(f).

Defendant contends that reliance on § 3582 for the determination of when a judgment of conviction becomes final is misplaced because in related circumstances § 3582 is ignored by the Sixth Circuit. Specifically, Defendant contends that a judgment does not become final when it is entered, but when the time for filing a notice of appeal has elapsed, ten days later. *Sanchez-Castellano v. Untied States*, 358 F.3d 424 (6th Cir. 2004). Moreover, if an appeal is filed and the judgment is affirmed, the conviction does not become final until the time for filing a petition for certiorari to the Supreme Court has elapsed. *Clay v. United States*, 537 U.S. 522 (2003).

Defendant's argument is unpersuasive because it does not account for the difference between an appeal, which can result in a vacated judgment, and a Rule 35 motion, which merely seeks to modify or amend a judgment. After a judgment is vacated on appeal, a new sentencing hearing is held where the district court reconsiders the earlier judgment and often makes a new determination as to the applicability of the § 3553(a) factors. A new judgment is then issued. By contrast, Rule 35 motions, in most circumstances, do not require new sentencing hearings or new judgments. The only issue raised by the Rule 35 motion in this case was whether Defendant's post-judgment conduct merited a reduction in the original sentence.

Perhaps more importantly, although Defendant contends that he is challenging the amended judgment that was issued on June 25, 2009, the motion itself suggests otherwise. That is, Defendant is not challenging the sentence imposed within the one-year limitations period, but the original

sentence that was imposed nearly three years before the motion to vacate was filed. Defendant asserts that the Court erred in imposing a five-year mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A) to be served consecutively to the mandatory ten-year sentence imposed under 21 U.S.C. § 841(b)(1)(A)(iii). Because the ten-year mandatory minimum sentence for drug trafficking was a "greater minimum sentence" than the five-year minimum sentence for possession of a firearm, under current Sixth Circuit law, the Court would have been "forbid[en]" from imposing it. 18 U.S.C. § 924(c)(1)(A); *Almany*, 589 F.3d at 240, 242. However, on resentencing, the 48-month sentence imposed for drug trafficking was not a "greater" mandatory minimum than the five-year minimum imposed for the firearm charge. Accordingly, imposition of the five-year consecutive sentence for possession of a firearm at resentencing did not create an *Almany* problem.

## III

Defendant's case illustrates the dramatic and sometimes counterintuitive changes that Congress and the Sixth Circuit Court of Appeals have made to sentencing law in the last three years. At the time Defendant was initially sentenced in June 2007, his defense attorney, the prosecutor, the probation officer, and the Court all agreed that 180 months, or fifteen years, was the minimum sentence that could be imposed even though the guideline range included in the presentence report reflected a recommended sentence of only 87 to 108 months. Two years later, the guidelines were amended to reduce the disparity between powder cocaine and crack cocaine. Defendant's new guideline range was 70 to 87 months, or as little as five years and ten months. Nevertheless, the mandatory minimums remained in place and the fifteen year sentence would still have been imposed.

Then, on March 10, 2010, the Sixth Circuit issued its decision in *Almany*, concluding that

the five-year minimum sentence for the firearm charge could not be imposed if the defendant was subject to a longer minimum sentence for the underlying drug charge. Accordingly, if Defendant had been sentenced after March 10, 2010 but before August 3, 2010, his guideline score would have been 70 to 87 months but he would have received the mandatory minimum of ten years.

On August 3, 2010, President Obama signed the Fair Sentencing Act into law, which elevated the quantity of crack cocaine required for imposition of a ten-year minimum from 50 grams to 280 grams. Because Defendant and the government stipulated that he was responsible for between 50 and 150 grams of crack cocaine, he would no longer have been subject to the ten-year mandatory minimum for the drug offense. Ironically, however, his hypothetical post-Fair Sentencing Act sentence may well have been higher than his pre-Fair Sentencing Act sentence. If Defendant were sentenced today, for example, the advisory guideline range for the drug trafficking charge would be 70 to 87 months, but because he would no longer be subject to the 10-year minimum, he would receive a mandatory five-year consecutive sentence on the firearm charge. The result would likely be a sentence between 130 and 147 months,[3] one or two years more than he would have received before the passage of the Fair Sentencing Act.

In summary, sentencing law changes frequently, but those changes often do not entitle a defendant who has already been convicted and sentenced to a lower sentence. Nor do they entitle the government to keep the defendant in prison longer. The sentence Defendant received may well have been different if he were sentenced after the Sixth Circuit's decision in *Almany* was issued on March 10, 2010. It may well have changed again following the passage of the Fair Sentencing Act

---

[3] The sentencing court could, of course, exercise its discretion under *United States v. Booker*, 543 U.S. 220 (2007), and *United States v. Kimbrough*, 552 U.S. 85 (2007), to impose a below guideline sentence and avoid the disparate result.

on August 3, 2010. But those changes do not entitle Defendant to relief under § 2255.

Accordingly, it is **ORDERED** that Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 [Dkt. # 235] is **DENIED** as untimely. 28 U.S.C. § 2255(f).

It is further **ORDERED** that the government's "motion to dismiss Defendant's motion to vacate" [Dkt. # 237] is **DISMISSED AS MOOT**.

It is further **ORDERED** that a certificate of appealability is **DENIED** because Defendant has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[R]easonable jurists could not debate" whether Defendant's motion to vacate should have been granted. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: September 7, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 7, 2010.

       s/Tracy A. Jacobs
       TRACY A. JACOBS